Slip Op. 14-29

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DIAMOND SAWBLADES MANUFACTURERS' COALITION, | : | |
| Plaintiff, | : | Before: Richard K. Eaton, Judge |
| v. | : | Court No. 13-00391 |
| UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION, | : | |
| Defendants. | : | |

**MEMORANDUM and ORDER**

[Plaintiff's motion for a preliminary injunction is denied.]

Dated: March 13, 2014

*Wiley Rein LLP* (*Daniel B. Pickard* and *Maureen E. Thorson*), for plaintiff.

*Stuart F. Delery*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, *Alexander V. Sverdlov*, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice; Office of the Chief Counsel for Import Administration, United States Department of Commerce (*Nathaniel Halvorson*), of counsel, for defendant.

Eaton, Judge: This action concerns the five-year, or "sunset," review of the antidumping duty order on diamond sawblades and parts thereof from the People's Republic of China ("PRC") which was initiated by the Department of Commerce ("Commerce" or "the Department") by publication of a notice in the Federal Register on December 2, 2012. Initiation

Court No. 13-00391                                                                                                  Page 2

of Five-Year ("Sunset") Review, 78 Fed. Reg. 72,061 (Dep't Commerce Dec. 2, 2013) ("Initiation Notice").  The sole question posed by the case itself is whether the review was initiated at the proper time.  Now before the court is the motion of plaintiff Diamond Sawblades Manufacturer's Coalition ("plaintiff" or "the Coalition") seeking a preliminary injunction to prevent the Department from conducting the review until either November 4, 2014 or the resolution of this action.  The Department opposes the motion.  The court has jurisdiction pursuant to 19 U.S.C. § 1581(i).  *Dofasco Inc. v. United States*, 28 CIT 263, 326 F. Supp. 2d 1340 (2004).  As explained below, because the plaintiff cannot demonstrate that it will be irreparably harmed in the absence of the issuance of the injunction it seeks, the motion is denied.

DISCUSSION

I.   Background

In 2005, the International Trade Commission ("ITC") initiated an injury investigation regarding certain diamond sawblades imported from the PRC and the Republic of Korea ("Korea").  *See Diamond Sawblades Mfrs. Coal. v. United States*, 626 F.3d 1374, 1376 (Fed. Cir. 2010) ("*Diamond Sawblades V*").  The ITC preliminarily determined that there was a reasonable likelihood of injury to a United States industry as a result of the importation of diamond sawblades, but then altered its position and found no material injury or threatened material injury in its final determination.  *Id*.  For its part, the Department made preliminary and final determinations that diamond sawblades were being sold at less than fair value in the United States.  *Id*.

The Coalition brought an action in this Court, challenging the ITC's negative final material injury determination.  *Id*. at 1377.  The *Diamond Sawblades* Court remanded the case to

Court No. 13-00391                                                                                                Page 3

the ITC, on the basis that its negative injury determination was insufficiently supported. *Diamond Sawblades Mfrs. Coal. v. United States*, 32 CIT 134, 151 (2008) ("*Diamond Sawblades I*"). On remand, the ITC found a threat of material injury and the Court affirmed that determination. *Diamond Sawblades Mfrs. Coalition v. United States*, 33 CIT 48, 67 (2009) (*Diamond Sawblades II*).

After the issuance of *Diamond Sawblades II*, Commerce suspended liquidation of the subject imports but took the position that it was not required to publish antidumping duty orders or to direct the collection of cash deposits on ongoing imports until the appeal of *Diamond Sawblades II* to the Court of Appeals for the Federal Circuit had been resolved. *Diamond Sawblades V*, 626 F.3d at 1377. Disputing this position, the Coalition petitioned the *Diamond Sawblades* Court for "a writ of mandamus directing Commerce to publish antidumping duty orders and immediately begin collecting cash deposits" and the Court granted the writ. *Id.*; *Diamond Sawblades Mfrs. Coal. v. United States*, 33 CIT 1422, 1452–53, 650 F. Supp. 2d 1331, 1357 (2009) ("*Diamond Sawblades III*"). While the appeal in *Diamond Sawblades III* was pending, the Federal Circuit issued an opinion affirming *Diamond Sawblades II*. *Diamond Sawblades Mfrs. Coal. v. United States*, 612 F.3d 1348, 1362 (Fed. Cir. 2010) ("*Diamond Sawblades IV*"). Thereafter, in *Diamond Sawblades V*, the Federal Circuit affirmed the issuance of the writ of mandamus and rejected the Department's position that it was not required to publish the antidumping duty order until after all appeals relating to the order had been resolved. *Diamond Sawblades V*, 626 F.3d at 1382–83.

On November 4, 2009, the Department published the antidumping duty order in the Federal Register. Diamond Sawblades and Parts Thereof From the PRC and Korea, 74 Fed. Reg. 57,145 (Dep't of Commerce Nov. 4, 2009) (antidumping duty orders) ("Antidumping Order").

Therein, the Department stated the effective date of the order as January 23, 2009. Antidumping Order, 74 Fed. Reg. at 57,146. Using January 23, 2009 as the date to calculate the five-year period after which a sunset review must be conducted, the Department published the notice of initiation of the sunset review on December 2, 2013. Initiation Notice, 78 Fed. Reg. at 72,061. This action, challenging the Department's decision to use January 23, 2009 as the anniversary date to begin conducting the sunset review, rather than the later date of November 4, 2009, followed. Plaintiff now seeks a preliminary injunction to halt the review while the present litigation is pending.

II.  Legal Framework

   A. *Sunset Reviews*

Under 19 U.S.C. § 1675(c)(1)(2006), the Department "and the ITC must review antidumping and countervailing duty orders every five years." *Nucor Corp. v. United States*, 601 F.3d 1291 (Fed. Cir. 2010) (citing 19 U.S.C. § 1675(c)(1) (2006)); *see* 19 C.F.R. § 351.102(b)(49) (2012) (defining the term "sunset review" to mean review under 19 U.S.C. § 1675(c)) . 19 U.S.C. § 1675(c)(1) provides that:

> 5 years after the date of publication of . . . an antidumping duty order . . . the administering authority and the Commission shall conduct a review to determine . . . whether revocation of the . . . antidumping duty order . . . would be likely to lead to continuation or recurrence of dumping . . . and of material injury.

Thus, according to the statute, five years "after the date of publication of" the *Diamond Sawblades* antidumping order, the Department and the ITC are required to conduct a review to determine whether to revoke the antidumping duty order. Additionally, under the Department's regulations, a notice of initiation of the initial sunset review of an antidumping duty order must

Court No. 13-00391                                                                                              Page 5

be published "[n]o later than 30 days before the fifth anniversary date of an order." 19 C.F.R. § 351.218(c)(1) (2012).

    B. *Preliminary Injunctions*

"A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Wind Tower Trade Coalition v. United States*, 741 F.3d 89, 95 (Fed. Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (internal quotation marks omitted)). Absent a showing of irreparable harm, a preliminary injunction may not be issued. *Qingdao Tafia Grp. Co. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) ("A presently existing, actual threat *must* be shown." (quoting *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (1983) (emphasis added and internal quotation marks omitted)).

Injunctions against ongoing agency action are disfavored. *See McKart v. United States*, 395 U.S. 185, 194 (1969) ("The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction."). This is true even where a plaintiff has alleged that the agency's action is ultra vires. *See Nippon Steel Corp. v. United States*, 219 F.3d 1348, 1353 (Fed. Cir. 2000) (quoting *McKart* in an action where plaintiff alleged that the Department's actions were ultra vires).

III.     Discussion

Plaintiff alleges that the Department acted beyond the scope of its authority by seeking to conduct a sunset review of the antidumping duty order on diamond sawblades from the PRC prior to the five-year anniversary of the November 4, 2009 date on which the order was published.  For plaintiff, November 4, 2009, the actual date of publication of the order in the Federal Register, is the date of publication for purposes of 19 U.S.C. § 1675(c)(1).  The Department, on the other hand, insists that the January 23, 2009 effective date of the order is the appropriate anniversary date.  Plaintiff seeks a preliminary injunction to prevent the sunset review from going forward during the pendency of the litigation commenced to determine if the review was initiated at the proper time.  Because plaintiff fails to demonstrate that it will suffer irreparable harm in the absence of the issuance of a preliminary injunction, its motion must be denied.

Plaintiff asserts three ways in which it claims it will be "irreparably harmed" if the agency's proceeding is not enjoined.  The Coalition first alleges that being "forced to participate in an unlawful proceeding, at considerable expense," constitutes irreparable harm.  Pl.'s Mot. For TRO & Prelim. Inj. (ECF Dkt. No. 10) ("Pl.'s Br.").  However, the Federal Circuit and the United States Supreme Court have expressly held that "'[m]ere litigation expense, even substantial and unrecouperable cost, does not constitute irreparable injury.'"  *Nippon Steel*, 219 F.3d at 1353 (quoting *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980)).  Thus, precedent directs that plaintiff will suffer no irreparable harm as a consequence of its expenditures related to the suit.

Second, plaintiff argues that because the Department unlawfully initiated the sunset review and because the principal relief that the Coalition seeks is to avoid the necessity of

participating in an illegal proceeding, denial of an injunction and subsequent forced participation in the proceeding constitutes irreparable harm. The Coalition relies on this Court's decision in *Dofasco*. There, in the context of determining whether it had jurisdiction under 19 U.S.C. § 1581(i), the Court held that jurisdiction was appropriate because forcing the plaintiff to await the conclusion of a proceeding alleged to be illegal and then bringing suit under 19 U.S.C. § 1581(c) would be a manifestly inadequate remedy. *Dofasco*, 28 CIT at 268, 326 F. Supp. 2d at 1345 ("[F]orcing Dofasco to wait until a final determination has been issued before it may challenge the lawfulness of the administrative review, would mean that Dofasco's opportunity for full relief—i.e., freedom from participation in the administrative review—would be lost." (citations omitted)).

Under law developed in this Court and the Federal Circuit, "jurisdiction under subsection 1581(i) may not be invoked if jurisdiction under another subsection of 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate." *Norman G. Jensen, Inc. v. United States*, 687 F.3d 1325, 1329 (Fed. Cir. 2012) (citation and internal quotation marks omitted). Plaintiff, however, conflates the showing of "irreparable harm" required for the issuance of a preliminary injunction with the lack of an adequate remedy under 19 U.S.C. § 1581(a)–(h), required in order for the Court to have jurisdiction under 19 U.S.C. § 1581(i). It does not follow, however, that the same facts that give rise to jurisdiction under 19 U.S.C. § 1581(i) necessarily demonstrate that a plaintiff will be irreparably harmed in the absence of a preliminary injunction. That is, the lack of an adequate remedy and an irreparable injury are simply not the same thing. The lack of adequate remedy inquiry seeks to determine whether the relief sought under 19 U.S.C. § 1581(i) can be obtained by bringing suit under a different provision of 19 U.S.C. § 1581. The question of whether a plaintiff will suffer

Case 1:13-cv-00391-RKE   Document 26   Filed 03/13/14   Page 8 of 9

Court No. 13-00391                                                                                                    Page 8

Court No. 13-00391                                                                                                    Page 8

irreparable harm, on the other hand, seeks to determine whether "the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction," will be disturbed if an injunction does not issue. *Cambridge Lee Indus., Inc. v. United States*, 916 F.2d 1578, 1581 (Fed. Cir. 1990) (quoting *Fundiaco Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988)). Indeed, in *Dofasco* itself no preliminary injunction was issued, despite one having been sought and, jurisdiction having been present, the case was decided on its merits at the summary judgment stage. *See Dofasco*, 28 CIT at 276, 326 F. Supp. 2d at 1351. Put another way, although the relief that plaintiff seeks (not being forced to participate in an unlawful proceeding) is sufficient to provide the court with jurisdiction under 19 U.S.C. § 1581(i), a temporary denial of that remedy during the pendency of this action is not a sufficient harm to support a preliminary injunction under the prevailing case law.

Third, the Coalition contends that it is entitled to an injunction because if the sunset review proceeds it will lose the benefit of several months of trade protection to which it would otherwise be entitled. In particular, for plaintiff, if the court adopts the Department's position that the sunset review was properly initiated, "the relief to which [the Coalition] is entitled" would be diminished because the earlier anniversary date will result in the antidumping order being rescinded several months earlier than it should be under the statute. Pl.'s Br. at 14–15. While this argument may demonstrate that plaintiff will not obtain the relief it seeks should it ultimately lose on the merits of this action, it does not demonstrate that it will be irreparably harmed if an injunction does not issue. As noted, the purpose of an injunction is to freeze matters so that if the party seeking the injunction wins, the court can provide it with an effective remedy. Here, it is the ultimate resolution of the merits of the Coalition's claim that will determine whether it is entitled to the later anniversary date for which it argues, and if it prevails

Court No. 13-00391                                                                                                        Page 9

the relief it seeks will be ordered.  Put another way, if plaintiff ultimately wins on the merits, it will do so because it has shown that the anniversary date the Department is using is incorrect.  In that situation, the Department's current proceeding will be ultra vires and Commerce will be required to properly initiate a sunset review at the appropriate time.  Thus, if victorious, plaintiff will not lose the several months of trade protection to which it claims it is entitled even though no injunction is in place.  On the other hand, should plaintiff lose on the merits, it would not be entitled to those additional months in any case.  Thus, plaintiff's final argument fails to demonstrate that it will be irreparably harmed if no preliminary injunction is issued.

Because plaintiff has failed to demonstrate that it will be irreparably harmed if a preliminary injunction does not issue, the court does not address the remaining three requirements for the issuance of a preliminary injunction.  *See Dupont Teijin Films USA, LP v. United States*, 27 CIT 1754, 1757 n.2 (2003) ("Because plaintiffs have failed to show irreparable harm, the court need not address whether they have established the other three elements required for the issuance of a preliminary injunction." (citation omitted)).


CONCLUSION AND ORDER

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied.


                                                                                            /s Richard K. Eaton
                                                                                              Richard K. Eaton

Dated: March 13, 2014
       New York, New York