Slip Op. 14-41

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                        :
DIAMOND SAWBLADES                       :
MANUFACTURERS' COALITION,               :
                                        :
                                        :
           Plaintiff,                   :       Before: Richard K. Eaton, Judge
                                        :
       v.                               :       Court No. 13-00391
                                        :
UNITED STATES DEPARTMENT OF             :
COMMERCE and UNITED STATES              :
INTERNATIONAL TRADE                     :
COMMISSION,                             :
                                        :
           Defendants.                  :
_____ :
```

## **MEMORANDUM and ORDER**

[Plaintiff's motion for a stay pending appeal is denied.]

Dated:  April 14, 2014

*Wiley Rein LLP* (*Daniel B. Pickard* and *Maureen E. Thorson*), for plaintiff.

*Stuart F. Delery*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Franklin E. White, Jr.*, Assistant Director; *Alexander V. Sverdlov*, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice; Office of the Chief Counsel for Import Administration, United States Department of Commerce (*Nathaniel Halvorson*), of counsel, for defendant.

*Neal J. Reynolds*, Assistant General Counsel for Litigation; *David B. Fishberg*, Attorney-Advisor, Office of the General Counsel, United States International Trade Commission.

Eaton, Judge: Before the court is Diamond Sawblades Manufacturers' Coalition's

("plaintiff" or the "Coalition") motion to stay this court's March 13, 2014 order denying its

motion for a preliminary injunction during its interlocutory appeal from that order.  *See Diamond*

*Sawblades Mfrs. Coal. v. U.S. Dep't of Commerce*, 38 CIT __, __, Slip Op. 14-29, at 9 (2014).

By this motion, plaintiff seeks the reinstatement of the temporary restraining order entered on

December 30, 2013 that was dissolved when the court issued its order denying the motion for a

preliminary injunction.  TRO Order (ECF Dkt. No. 11).  Defendants the Department of

Commerce (the "Department" or "Commerce") and the International Trade Commission

(collectively, "defendants") oppose the motion.  Plaintiff's motion for a preliminary injunction

was denied because it failed to "demonstrate that it [would] be irreparably harmed in the absence

of the issuance of the injunction it" sought.  *Diamond Sawblades*, 38 CIT at __, Slip Op. 14-29,

at 2.  For that same reason, plaintiff's present motion is also denied.


BACKGROUND

This action concerns the timing of the initiation of the five-year, or "sunset," review of

the antidumping duty order on diamond sawblades and parts thereof from the People's Republic

of China which was initiated by the Department by publication of a notice in the Federal Register

on December 2, 2012.  On December 26, 2014 plaintiff moved for a preliminary injunction to

prevent the Department from conducting the review until either November 4, 2014 or the

resolution of this action.  Pl.'s Mot. for Prelim. Inj. (ECF Dkt. No. 10).  The court then entered a

temporary restraining order, halting the review during the pendency of the motion for a

preliminary injunction.  TRO Order.

After briefing, the court issued an opinion and order, denying plaintiff's motion for a

preliminary injunction and dissolving the temporary restraining order.  *Diamond Sawblades*, 38

CIT at __, Slip Op. 14-29, at 9.  The court held that plaintiff failed to demonstrate that it would

be irreparably injured if the requested injunction did not issue.  *Id*. at __, Slip Op. 14-29, at 2.

Because a showing of irreparable harm is required for the issuance of a preliminary injunction, the court denied plaintiff's motion. *Id*. at __, Slip Op. 14-29, at 5.

As part of its analysis, the court rejected three ways in which the plaintiff claimed it would be irreparably harmed. *Id*. at __, Slip Op. 14-29, at 6. First, the court held that the alleged expense incurred as a result of participation in an ultra vires proceeding was not irreparable harm. *Id*. Second, it held that under current precedent forced participation in the proceeding during the pendency of the action did not satisfy the injury requirement, even though avoiding the necessity of participation was part of the relief sought in the action. *Id*. at __, Slip Op. 14-29, at 6–8. Third, the court rejected plaintiff's argument that failure to issue an injunction would result in plaintiff's loss of several months of trade protection, because it was the ultimate resolution of the action, not the issuance of an injunction, that would determine whether that relief was appropriate. *Id*. at __, Slip Op. 14-29, at 8–9.

On March 18, 2014, plaintiff filed its notice of appeal to the United States Court of Appeals for the Federal Circuit of the denial of its motion and the appeal was docketed two days later. Notice of Appeal (ECF Dkt. No. 27); Plaintiff's Appeal Docketed (ECF Dkt. No. 28). On March 21, plaintiff filed the motion currently before the court, and defendants filed briefs in opposition on April 9, 2014.

In its motion, plaintiff argues that it will be irreparably injured in the absence of a stay because (1) "forced participation in an unlawful proceeding is itself irreparable injury," and (2) "a subsequent decision on the merits that determines the agencies' sunset review is unauthorized will result in [plaintiff] having expended time, money, and effort on the premature review, [and] it will be forced to once again participate in a subsequent, lawfully-conducted review." Pl.'s Mot. to Stay 11, 14 (ECF Dkt. No. 29).

DISCUSSION

Although styled as a motion to stay, because it seeks the reinstatement of the temporary restraining order halting the sunset review, plaintiff's motion is properly governed by USCIT Rule 62(c) regarding injunctive relief while an interlocutory appeal is pending.  USCIT Rule 62(c) ("While an appeal is pending from an interlocutory order . . . den[ying] an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.").  Plaintiff's motion does not seek a stay alone, "which would merely 'operate upon the judicial proceeding itself,' but instead is an injunction that is 'directed at someone, and governs that party's conduct.'"  *Furniture Brands Int'l, Inc. v. United States*, 36 CIT __, __, Slip Op. 12-20, at 7 (2012) (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)).  Here, the stay that plaintiff seeks operates in the same manner as an injunction because it would prevent defendants from conducting the sunset review.

Where a stay also operates as an injunction, the court must consider:

(1) whether the stay the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. (quoting *Nken*, 556 U.S. at 426).  The factor of irreparable injury in this context is treated the same way as the requirement of irreparable harm in the preliminary injunction context.  *See Nken*, 556 U.S. at 434–35 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008) (discussing the "irreparable harm" requirement for preliminary injunctions)).  In other words, to be entitled to a stay that also operates as an injunction, a party must make a sufficient showing of irreparable harm.  *See Qingdao Tafia Grp. Co. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) ("A presently existing, actual threat *must* be shown." (quoting *Zenith Radio*

*Corp. v. United States*, 710 F.2d 806, 809 (1983) (emphasis added and internal quotation marks

omitted)).

      Plaintiff has not offered a sufficient showing of irreparable injury.  The Coalition's two

alleged forms of injury are essentially identical to those it argued for, and the court rejected, in

the order denying the preliminary injunction.  *See Diamond Sawblades*, 38 CIT at __, Slip Op.

14-29, at 6–8.  There, the court expressly rejected plaintiff's first alleged harm, that forced

participation in an illegal proceeding is itself irreparable injury, and observed that "under the

prevailing case law" participation in such a proceeding during the pendency of the Court of

International Trade action "is not a sufficient harm to support a" finding of irreparable injury.  *Id*.

at __, Slip Op. 14-29, at 8.  Plaintiff's second form of claimed injury, costs associated with its

participation in allegedly unlawful proceedings, is similarly without merit.  As this court

observed when it denied the injunction, "'[m]ere litigation expense, even

substantial and unrecoupable cost, does not constitute irreparable injury.'"  *Id*. at __, Slip Op.

14-29, at 6 (quoting *Nippon Steel Corp. v. United States*, 219 F.3d 1348, 1353 (Fed. Cir. 2000)

(alteration in original)).  Accordingly, plaintiff's requested stay must be denied.[1]

---

[1]    As with the denial of the preliminary injunction, because plaintiff has failed to
make the requisite showing of irreparable injury, the court need not address the remaining
requirements.  *See Diamond Sawblades*, 38 CIT at __, Slip Op. 14-29, at 9 (citing *Dupont Teijin
Films USA, LP v. United States*, 27 CIT 1754, 1757 n.2 (2003)).

Court No. 13-00391                                                          Page 6

CONCLUSION AND ORDER

For the foregoing reasons, plaintiff's motion is denied.

SO ORDERED

                                         ____/s Richard K. Eaton____
                                             Richard K. Eaton

Dated: April 14, 2014
       New York, New York